## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| **HEAVEN'S TREASURES THRIFT** | : | |
| **AND VALUE STORES, LLC** | : | |
| Debtor : | | No. 18-11434-JKF |

### STIPULATION

**AND NOW**, this _18ᵀᴴ_ day of SEPTEMBER, 2018, Heaven's Treasures Thrift

and Value Stores, LLC ("Debtor") and Norristown Centre A, L.P. (the **"Landlord"**), by and

through their undersigned counsel, hereby stipulate as follows:

### BACKGROUND

WHEREAS, Landlord and Debtor are parties to a Retail Lease dated January 21, 2016, as

amended by a First Amendment of Lease and Second Amendment of Lease (**"Second**

**Amendment"**), (collectively the **"Lease"**) for the rental of approximately 33,397 square feet of

retail space at the Logan Square Shopping Center, Norristown, Pennsylvania (**"Premises"**);

WHEREAS, in connection with the Second Amendment and as a condition of Debtor's

assumption of the Lease, Debtor executed a Promissory Note (**"Note"**) in the amount of

$210,947.05 whereby Debtor agreed to pay its rental arrearages under the Lease of $210,947.05

arrearage in sixty (60) equal monthly installments of $3,985.67, commencing on April 1, 2018;

WHEREAS, by Order dated June 6, 2018, the Court granted Debtor's Motion to Assume

the Lease, and authorized the Debtor to execute the Second Amendment and the Note, which were

subsequently executed;

WHEREAS, Debtor has defaulted on its payment obligations under the Lease and the Note;

WHEREAS, as a result of Debtor's default, Landlord filed a Motion pursuant to §§ 362(d) and (e) for an Order Granting Relief from the Automatic Stay under Section 362(a) of the Bankruptcy Code, or in the Alternative, Declare the Automatic Stay Inapplicable (**"Motion"**); and

WHEREAS, Landlord and Debtor have engaged in settlement discussions with respect to the Motion, and have reached an agreement to resolve all claims asserted therein, subject to the approval of the Court, on the terms set forth herein.

NOW THEREFORE, Landlord and Debtor hereby agree and stipulate to the following terms:

1.    Debtor shall surrender to Landlord possession of the Premises in accordance with the Lease, and in broom-swept condition, free and clear all furniture, equipment, and debris, no later than close of business on October 9, 2018;

2.    The Lease shall be terminated as of the date of Debtor's surrender, but no later than October 9, 2018;

3.    As of October 10, 2018, Debtor shall have no rights in and to, and will be deemed to have abandoned any items left in, the Premises, and Landlord may, without any liability to Debtor, change the locks and dispose of any items left in the Premises at Debtor's costs and expense;

4.    Landlord shall have an allowed claim with priority as an administrative claim under 11 U.S.C. §503(b)(1) in the amount of $ 1,232,518.20 as follows:

a.    $75,000.00 for unpaid base rent under the Second Amendment from June 2018 to October 2018;

b.    $ 40,725.12 for unpaid common area maintenance sums from April to September 2018;

c.    $ 26,019.92 for unpaid taxes from April to September 2018;

d.    $ 12,520.38 for unpaid utilities from April to September 2018;

   e. $ 211,269.15. which represents the amounts due under the Note required to cure the pre-petition default as a condition of assumption; and

   f. $ 866,983.63, which are the amounts due under the Lease for two (2) years from October 1, 2018 in accordance with 11 U.S.C. §503(b)(7);

  5. Within ten (10) of Tenant's surrender, but no later than October 19, 2018, Landlord may file a Proof of Claim for post-surrender damages in accordance with 11 U.S.C. §502(b)(6);

  6. The Debtors waive all claims against Landlord for any violations of the automatic stay based upon facts occurring on or before the date hereof, and the Debtors waive any and all offsets against the allowed claims set forth in Paragraph 5 above;

  7. This Stipulation is subject in its entirety to approval by the Bankruptcy Court: and

  8. Each of the parties executing this Stipulation represents and warrants that he is authorized to do so.

**KAPLIN STEWART MELOFF**
**REITER & STEIN, P.C.**

BY: _____
  DANIEL. R. UTAIN, ESQUIRE
  Attorneys for Landlord

**FLASTER GREENBERG, P.C.**

BY: _____
  HARRY J. GIACOMETTI, ESQUIRE
  Attorneys for Debtor